## McCormick Harvesting Machine Company v. Julius Seeman.

### Filed October 7, 1896. No. 6785.

1. **Review: Conflicting Evidence.** A verdict rendered upon conflicting evidence will not be disturbed if there is sufficient evidence to sustain it.

2. **Witnesses: Credibility.** The trier or triers of a cause cannot disregard other testimony of a witness because the witness, while testifying, made a misstatement of a material fact, unless the false statement was willfully and intentionally made.

3. ———: ———. It is for the jury to determine whether a false statement by a witness was willful and intentional, or made through mistake and honestly.

Error from the district court of Phelps county. Tried below before Beall, J.

*W. P. Hall, Hall, St. Clair & Roberts,* and *J. R. Patrick,* for plaintiff in error.

*A. J. Shafer* and *S. A. Dravo, contra.*

Harrison, J.

In this action the McCormick Harvesting Machine Company sought a recovery against Julius Seeman in the sum of $70 and accrued interest thereon, alleged to be due the company as a part of the purchase price in the sale by it to the defendant of a harvester and binder. The defendant admitted the sale to him of the machinery, and that he executed and delivered to the company, at the time of the purchase, three promissory notes evidencing the consideration moving to it in the transaction, two of which were for the sum of $100 each and one for $70, but claimed to have paid in full the amounts due the company by the three notes given at the time he bought the harvester and binder. A trial in the district court resulted favorably for the defendant, hence the pre-

sentation of the case to this court by error proceedings on the part of the plaintiff.

It was admitted, or shown and not controverted, that the amount due on each of the $100 notes had been paid, and as to the note in suit it was sought to be established by the evidence adduced on behalf of defendant that at the time the first note of the three (which was one for $100) became due, it was paid by defendant at a bank in Holdrege, to which it had been sent by the company for collection, and that the original $70 note was also then in the bank, and the officer of the bank, to whom the money in payment of the $100 note was handed by defendant, intending to stamp the $100 note "paid," by mistake did so mark or stamp the $70 note; that to correct this another note in the sum of $70, as to dates of execution and payment, and in its terms identical with the original one, was written and signed and pinned to the original, and the two retained by the bank for the company; that at the time of the maturity of the $70 note, or probably a few months after its maturity, some eighteen months or two years after the date of the payment of the first of the three notes, when it was claimed in evidence the mistake in the stamping occurred, the defendant testifies that he paid the $70 note, but was only given the original and the duplicate was then retained by the company, and this suit afterwards instituted to recover its amount. On the other hand, the evidence introduced on the part of the company was directed to an attempt to prove that the notes, when executed, were sent to the plaintiff or to one of its officers, and thence forwarded to the banker in Holdrege, with orders to obtain others, or duplicates, of the defendant, the originals to be delivered to him, this being considered desirable because of some irregularities or mistakes appearing on the face of the originals; and the evidence on the part of the company was further to the effect that the $70 of the price of the machine had never been paid by the defendant. The evidence in respect to the vital

points involved in the suit was directly conflicting, but there was sufficient to support the verdict rendered, hence it will not be disturbed.

It appears that this cause was first commenced before a justice of the peace, and from the judgment rendered was, by appeal, removed to the district court; that in the justice court the defendant, to defeat a recovery, claimed that he never signed the note in suit; that it was a forgery, and so testified. At the trial in the district court he stated that when he was sued before the justice of the peace, he, knowing that he had paid the machine note in the sum of $70 and in the time which had intervened between giving the duplicate and the date this suit on it was brought, had forgotten the circumstance of its execution and honestly concluded that it was a forgery and that he had never signed it; but at some date subsequent to the trial had before the justice of the peace, and while the case was pending in the district court, to which it had been appealed, he met and had a conversation with a brother who was present when the note in suit was made, and also when the original, of which it was a duplicate, was paid, and after his brother had recalled to his, defendant's, mind some of the facts in regard to the execution of the duplicate note, he remembered the fact of signing it and the attendant circumstances, and knew that he had been mistaken in the conclusion that the duplicate or second $70 note was a forgery, and his evidence in the trial before the justice of the peace, that he never executed it, erroneous. He further testified that his former belief that he had not signed the note in suit, though erroneous, was an honest and unintentional mistake, arising in his lack of remembrance of signing the note coupled with the fact that he had paid the original; that the two together led him to the conclusion, false though it was, to which he gave evidence before the justice of the peace. The defendant and his brother each stated, when testifying, that when the note in suit was made it was written by the banker to whom

the payment was then being made, of the amount due on one of the notes for the sum of $100. This it was subsequently, and during the course of the trial, admitted was not true; that the duplicate was not drawn by him as had been stated. It is strenuously insisted that the defendant having, both in the trial before the justice of the peace and in the district court, stated what was afterwards conceded by him to be contrary to the facts, and his brother, during the trial in the district court, having also made erroneous statements in regard to fact, the jury should have disregarded the whole of the evidence of each of them, and if it had done so the verdict was without any support in the evidence, and the jury not having performed its duty required by the existing conditions, it is for us to determine that the evidence of defendant and his brother should have been rejected, and there being no other evidence in support of the theory or defense of payment, to set aside the judgment and verdict as not sustained by the evidence. To this we cannot agree. The rule is that a misstatement of fact, to warrant a jury in disregarding other evidence of the witness, must be in regard to a material fact in the issues of the case on trial, and it must be willfully and intentionally made. The facts as to which the defendant and his brother made erroneous statements were such as to which there might be an honest mistake on the part of the witnesses in their belief, hence arose their apparent untrue evidence. Their credibility and whether the false statements were willful and intentional were matters for the determination of the jury, and its solution of these questions, as embodied in the verdict, must stand. There are no other alleged errors argued in the briefs, and as such as were urged have been declared ineffective the judgment of the district court must be

Affirmed.